## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTEN DIVISION

| | |
|---|---|
| ZHIHUA WU, | Case No. 25-cv-02646 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| jinjiangshizimaozhenliuqianbingxiefushangdian | |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiff Zhihua WU ("Plaintiff"), by and through its counsel, hereby submits this Amended Complaint brings the present action against Defendant and alleges as follows:

### I.     JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3). On information and belief, Defendant is not resided in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. §1391(c)(3).

3.      This Court may properly exercise personal jurisdiction over Defendant since it directly targets business activities toward consumers in the United States, including Illinois,

through their e-commerce stores operating listed on e-commerce platforms. Specifically, Defendant have targets sales to Illinois residents by offering shipping to them and has sold products featuring Plaintiff's Patented design to them. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Evidence which shows Defendant has done business online to Illinois residents and offered shipping to Illinois is attached as **Exhibit 2**.

## II.     INTRODUCTION

4.      Plaintiff files this action against Defendant for the alleged infringement upon Plaintiff's registered patent (hereinafter, "Patent"). Defendant has set up e-commerce stores on e-commerce platforms and engaged in the making, marketing, shipping, using, offering to sale, selling, and/or import to the United States for subsequent sale or use of certain unauthorized and unlicensed products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendant's actions constitute infringement upon Plaintiff's Patent No. D1,024,494S ("the '494 Patent"), and negatively impact Plaintiff's goodwill and business reputation.

## III.     THE PARTIES

5.      Plaintiff ZHIHUA WU is an individual residing in the People's Republic of China.

6.      Defendant is a company that own and operate e-commerce store online. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b).

## IV.     GENERAL FACTS

7.    Plaintiff ZHIHUA WU is an individual residing in the People's Republic of China. With years of experience in e-commerce, he possesses a mature brand awareness and market expertise. Declaration of Zhihua Wu ("Wu Decl."), at ¶ 2.

8.    Plaintiff is the owner of U.S. Pat. No. D1,024,494S titled SHOE. The '494 Patent has a priority date of December 6, 2022, issued April 30, 2024, and is valid and enforceable. A true and correct copy of the '494 Patent is attached hereto as **Exhibit 1**.

9.    Plaintiff designed and developed the '494 Patent, which is a steel-toe work shoe. In addition to providing protection for the feet of high-intensity labors, it features a uniquely styled stripe design, making it highly popular in the market. Plaintiff has begun to sell products with the patented design in 2022 until now. Wu Decl., at ¶ 3.

10.    Plaintiff has discovered that Defendant has been promoting, advertising, marketing, distributing, offering for sale, and selling products that utilize Plaintiff's federally registered patent work (the "Infringing Products") without authorization.

11.    Defendant's infringement of Plaintiff's '494 Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is and has been willful and irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF THE '494 PATENT

12.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

13. Plaintiff is the owner of the '494 Patent. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the '494 Patent.

14. Defendant has infringed Plaintiff's '494 Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiff.

15. Defendant has profited by their infringement of the '494 Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

16. Defendant has infringed the '494 Patent and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

17. Defendant's conduct constitutes a separate and distinct act of infringement.

18. Defendant's conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

19. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendant's profits pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be

temporarily, preliminarily, and permanently enjoined and restrained from:

(a) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product;

(b) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; and

(c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendans in connection with the sale of the infringing product;

(3) That Plaintiff be awarded such damages proven at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of the '494 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284.

(4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the '494 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated March 13, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
Tel: (909) 284-1929
*Attorney for Plaintiff Zhihua Wu*